# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GREGORY TYRRELL, | ) | 8:19CV386 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| ROSALYN COTTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    Plaintiff, Gregory Tyrrell, an inmate at the Omaha Correctional Center in Omaha, Nebraska, filed his Complaint (Filing 1) on September 5, 2019, and paid the required filing fee on October 7, 2019. The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915A.

## I. SUMMARY OF COMPLAINT

    Defendants are members of the Nebraska Parole Board, who are sued in their individual and official capacities. Plaintiff claims Defendants violated his rights under the First and Fourteenth Amendments when they revoked his parole in December 2018 for (1) violation of the special conditions of parole by engaging in electronic communications and (2) violation of the financial conditions of parole by failing to pay programming fees as assessed. Plaintiff seeks to recover monetary damages from Defendants and requests that they be enjoined from considering these violations, as well as any undisclosed information, at any future parole review hearing. Plaintiff also filed a motion for a temporary restraining order and preliminary injunction on October 15, 2019 (Filing 12), requesting that Defendants be restrained and enjoined from delaying his parole review hearing, which allegedly is scheduled for December 2019.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construing Plaintiff's Complaint, this is a civil rights action brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Because the defendants are state employees, the sovereign immunity recognized and preserved by the Eleventh Amendment to the U.S. Constitution bars the plaintiff from recovering damages from the defendants in their official capacities." *Blair v. Nebraska Parole Bd.*, No. 8:05CV31, 2006 WL 3544716, at *1 (D. Neb. Dec. 8, 2006) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). "State officers sued for damages in their official capacity are not "persons" for purposes of [§ 1983] because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21 (1991) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).[1]

"In addition, because the defendants are members of a state parole board, they are shielded by absolute immunity in their individual capacities from the plaintiff's claims for damages." *Blair*, 2006 WL 3544716, at *1 (citing *Figg v. Russell*, 433 F.3d 593, 598 (8th Cir. 2006)); *see Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006) ("Parole board members are entitled to absolute immunity when considering and deciding parole questions, as this function is comparable to that of judges."); *Magee v. Nebraska Parole Admin.*, No. 4:05CV3224, 2006 WL 1720491, at *1 (D. Neb. June 19, 2006) (dismissing individual-capacity claims brought against parole board members).

"In the past, absolute judicial immunity did not extend to suits requesting declaratory and prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 536-38 (1984). However, in 1996 Congress passed the Federal Courts Improvement Act ('FCIA'), which amended section 1983 and abrogated the Supreme Court's limitation on judicial immunity." *Hillard v. Korslund*, No. 8:09CV183, 2009 WL 2709318, at *2 (D. Neb. Aug. 25, 2009). As amended, section 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Claims for injunctive relief against officials performing quasi-adjudicative functions are likewise barred. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (holding parole board official could not be

---

[1] But "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 10 (1985)); *see Ex parte Young*, 209 U.S. 123, 159-160 (1908).

enjoined from retaliating against plaintiff for filing § 1983 action challenging revocation of his parole). Here, Plaintiff does not allege that declaratory relief was unavailable or that a declaratory decree was violated.

"Currently, most courts hold that the amendment to § 1983 does not bar declaratory relief against judges." *Justice Network Inc. v. Craighead Cty.*, 931 F.3d 753, 763 (8th Cir. 2019). However, declaratory relief is limited to *prospective* declaratory relief." *Id.* at 764 (emphasis in original). To the extent Plaintiff's Complaint may be construed as requesting declaratory relief, it is limited to a declaration that his constitutional rights were violated when his parole was revoked in December 2018. Such retrospective relief is not available under § 1983. *See id.* (plaintiff's request for declaratory judgment that defendant judges had effectuated an unconstitutional municipal policy was purely retrospective, even though plaintiffs sought to enjoin defendants from executing such policy in the future); *Davis v. Campbell*, No. 3:13-cv-0693 LEK/ATB, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) (quoted by Eighth Circuit in *Justice Network*) ("[P]laintiff's request for declaratory relief is purely retrospective. She seeks a declaratory judgment that past actions that occurred in the context of the Family Court proceedings violated her constitutional rights. Although she states her requests for 'relief' in future terms ..., essentially ... she is asking the court to invalidate the actions of the Family Court Judge.")); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (explaining that the *Ex parte Young* doctrine carves out only a "narrow" exception to Eleventh Amendment immunity: "It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought.") (citations omitted).

In addition, the United States Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). "He must seek federal habeas corpus relief (or appropriate state relief) instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). This line of cases establishes that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading

to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82 (emphasis in original). A § 1983 action cannot be maintained until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

If Plaintiff were to prevail on his claims that Defendants violated his constitutional rights when they revoked his parole in December 2018, such a result would necessarily demonstrate the invalidity of his confinement or its duration. Therefore, even if Defendants were not absolutely immune from suit, no actionable claim for relief is stated. *See Cooper v. Missouri Parole Bd.*, 68 F.3d 478 (Table), 1995 WL 611399 (8th Cir. 1995) (unpublished) ("[The plaintiff's] claim that the parole board is applying the wrong law to deny him parole is an attack on the duration of his confinement. As such, a favorable decision would necessarily imply the invalidity of his continued confinement; thus his section 1983 claim is foreclosed until he has demonstrated such invalidity through an appropriate avenue.") (citing *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir.1995) (per curiam) (dismissing § 1983 action under *Heck* where inmate attacked constitutionality of parole denial and sought immediate release)).

## IV. CONCLUSION

Defendants are absolutely immune from suit for damages and injunctive relief, and Plaintiff's Complaint fails to state a claim upon which relief may be granted. The court will not grant Plaintiff leave to amend because amendment would be futile.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for temporary restraining order and preliminary injunction (Filing 12) is denied.

2. This case is dismissed without prejudice.

3.  Judgment shall be entered by separate document.

DATED this 23rd day of October, 2019.

                          BY THE COURT:

                          s/ *Richard G. Kopf*
                          Senior United States District Judge